### Affidavit of Special Agent Michael Boyle

I, Michael Boyle, being duly sworn, do depose and say:

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I have served in this capacity for over 13 years and am currently assigned to the Worcester High Intensity Drug Trafficking Area ("HIDTA") Task Force. My current duties and responsibilities with HIDTA include the investigation of violations of the Controlled Substances Act, Title 21 of the United States Code. I also work with members of the Worcester Police Department in investigating violations of the Controlled Substances Act. I have led or participated in over 200 investigations involving violations of the federal narcotics laws. I have received extensive specialized training in areas of narcotics investigations and enforcement. I have participated in various aspects of narcotics investigations, including undercover work, surveillance, execution of search warrants and wiretap orders.

2. This affidavit is submitted in support of an application for a criminal complaint against, and arrest warrant for, one ALEXIS MORALES who was born in 1981 and whose social security number ends with the four digits, 8710, charging him with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Because this affidavit is submitted for the limited purpose of obtaining

1

a criminal complaint against MORALES, I have not included each and every fact known to me and to other law enforcement officers participating in this process to arrest and charge MORALES. Instead, I have included only those facts which I believe are necessary to establish the existence of probable cause to support the requested criminal complaint and arrest warrant.

3. As described below, there is probable cause to believe that MORALES knowingly and intentionally possessed more than five grams of a substance containing cocaine base, a Schedule II controlled substance, with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). More particularly, the evidence shows that on June 7, 2004, MORALES possessed approximately 27.92 grams of a substance containing crack cocaine, with intent to distribute.

**FACTS AND CIRCUMSTANCES**

4. On June 7, 2004, Police Officers Carmody and Lopez and other members of the Worcester Police Department were on routine motor patrol in the vicinity of Laurel Street in Worcester. At that time, Officer Carmody saw a white Mercury Mountaineer drive east on Laurel Street. Officer Carmody recognized one of the occupants as an individual known to him as Raul Aponte for whom there was an outstanding warrant for arrest.

5. To effect Aponte's arrest, police officers followed the Mountaineer and pulled it over near 29 Laurel Street. As Officer

Carmody approached, he saw MORALES, whom Officer Carmody recognized because MORALES had been previously arrested on drug charges. MORALES, who was seated in the front passenger seat, made furtive movements with the rear passenger, Aponte.

6. For the safety of the officers, Officer Lopez removed MORALES from the Mountaineer and conducted a pat-down for weapons. Then Officers Lopez and Carmody ordered Aponte to show his hands. Aponte refused and leaned away from the officers. Officers Lopez and Carmody removed Aponte from the Mountaineer.

7. After removing Aponte, Officer Lopez saw in the pocket on the back of the front seat a clear sandwich baggie, knotted at the top which contained multiple knot-tied corners of sandwich baggies. Officer Carmody removed the sandwich baggie. The smaller baggies inside it contained off-white chunks which Officer Carmody recognized, based on his training and experience, as resembling crack cocaine.

8. After Officer Carmody removed the package from the Mountaineer, MORALES stated, "that shit is mine."

9. Following his arrest, MORALES was taken to the Worcester Police Department. He was administered <u>Miranda</u> warnings. Thereafter, MORALES provided responses to questions, including the following:

Question: Was crack cocaine found in the vehicle?
MORALES: Yes.

Question: Did the crack cocaine belong to you?

MORALES: Yes.

10. Thereafter, the substance MORALES stated was crack cocaine was analyzed by a chemist with the University of Massachusetts Medical School, Drugs of Abuse Laboratory. The chemist determined that the substance recovered from the Mountaineer was cocaine, in the free base form, with a net weight of 27.92 grams.

## CONCLUSION

11. Based on the foregoing, there is probable cause to believe that ALEXIS MORALES knowingly and intentionally possessed more than five grams of a substance containing cocaine base, a Schedule II controlled substance, with intent to distribute, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(iii).

12. WHEREFORE, your deponent respectfully requests that a Criminal Complaint and Warrant for Arrest be issued charging ALEXIS MORALES with knowingly and intentionally possessing more than five grams of cocaine base, a Schedule II controlled substance, with intent to distribute, in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)(iii), and that MORALES be dealt with according to law.

13. FURTHERMORE, your deponent respectfully requests that the Court issue the *Writ of Habeas Corpus Ad Prosequendum*

submitted herewith. I am advised that ALEXIS MORALES was identified as brandishing a firearm and pointing it at an individual who was attending a public vigil to remember a Worcester Youth who was fatally shot on July 15, 2004. As a result, MORALES was arrested and is facing charges brought by Worcester County District Attorney Conte and is currently in custody at the Worcester County House of Corrections.

*Michael P Boyle*
MICHAEL BOYLE
Special Agent
U.S. Drug Enforcement Admin.

Sworn to me and subscribed in my presence this 20th day of July, 2004.

CHARLES B. SWARTWOOD, III
United States Magistrate Judge

5