# MASFERRER HUROWITZ,

## ATTORNEYS AT LAW

6 BEACON STREET, SUITE 720   BOSTON, MA 02108
(617) 531-0135      (617) 531-0136 (*f*)

EDUARDO A. MASFERRER
STUART M. HUROWITZ
KAREN L. SWENSON

AUSA David Hennessey
United States Attorney
Donohue Federal Building., Room 206
595 Main Street
Worcester, MA 01608

September 13, 2004

**Re:    United States v. Alexis Morales**
**Case No.  04-40019- FDS**

Dear AUSA Hennessey:

Pursuant to Fed. R. Crim. P. 12 (d)(2), 16(a) and 26.2,  Local Rule 116.3 (a) and (H), *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery in the above-captioned case.

(1) *Request for Preservation of Evidence*: The defendant specifically request that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved;

(2) *Arrest Reports, Notes and Dispatch Tapes*: The defendant specifically requests that all notes, and dispatch, turret tapes of the Worcester Police Department or any other tapes that relate to the circumstances surrounding his arrest or questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which the statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16 (a) (1) (A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  *See also U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C.Cir. 1975).

(3) *Government Examination of Law Enforcement Personnel Files* The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

1

(4) *Prior Law enforcement history with individuals in the car:* The defendant requests that he be informed of any prior interaction or knowledge that the particular officers involved with the Defendant's stop, arrest, and interrogation claim to have had with the Defendant Alexis Morales, Raul Aponte (DOB 7/21/1981), and Darrin Andrews (3/17/1983).

(5) *Impeachment Evidence:* The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fe. R. Evid. 698, 609 and 613. Such evidence is discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963).

(6) *Evidence of Criminal Investigation of Any Government Witness:* The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. *U.S. v. Chitty,* 760 F.2d 425 (2d Cir. 1985);

(7) *Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling*: The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; including but not limited to weather any witness' vision is impaired ad whether they use contact lenses or glasses to correct their vision, any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

(8) *Jencks Act Material:* The defense requests pretrial and pre-motion production of all material to which the defendant is entitled pursuant to the *Jencks,* 18 U.S.C. §3500, and Fed. R. Crim. P. 26.2. The defendant specifically of these statements be provided 10 days prior to the motion to suppress or 30 days prior to trial so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination;

(9) *Bad Acts Evidence*: The defendant requests disclosure of all prior and subsequent crimes, wrongs, or acts allegedly committed by the defendant or other individuals in the car upon which the Government intends to rely or intends to offer as evidence to prove motive scheme, opportunity, intent preparation, plan, knowledge, identity or absence of mistake or accident.

If you have any questions regarding these discovery requests, please feel free to contact me at (617) 531-0135. As I told you during our phone conversation, I will attempt to obtain the turret tape directly from Worcester Police. If I am successful, I will inform you so hat you will not need to duplicate the effort. Thank you in advance for your attention to this matter.

_____/S/_____
Eduardo Masferrer
Counsel for Alexis Morales

2