```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
                              )
vs.                           )   **CRIMINAL ACTION**
                              )   **NO. 04-40019-FDS**
ALEXIS MORALES,               )
        Defendant,            )
_____)


**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**September 29, 2004**

**SWARTWOOD, M.J.**

    I.   Nature Of The Offense And The Government's Motion

On July 28, 2004, a one count Indictment was returned charging Alexis Morales ("Mr. Morales"), with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §841(a)(1).

At Mr. Morales' initial appearance on July 30, 2004, he was arraigned, but since he was then in state custody a federal detainer was lodged and he was returned to state custody. In the latter part of September 2004, Mr. Morales was released from state custody and arrested by federal authorities. On September 27, 2004, Mr. Morales was brought before this Court on the Government's motion that he be detained pending trial in accordance with 18 U.S.C. §§ 3142(f)(1)(A)(crime of violence), (f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment), (f)(1)(C)(Mr. Morales is charged with an offense for which a

maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight).

At this hearing, James Carmody, a Worcester Police Officer, testified on behalf of the Government and was cross-examined by Mr. Morales' counsel.

II.   Findings of Fact

1.   On June 7, 2004, at approximately 7:20 p.m., Officer Carmody was on patrol with three other Worcester Police Officers in Plumley Village in Worcester.  As the police vehicle passed another vehicle going in the opposite direction, Officer Carmody recognized an individual, Mr. Aponte, in the back-seat of the passing vehicle.  Officer Carmody knew that Mr. Aponte had an arrest warrant outstanding.  After spotting Mr. Aponte, the officers turned their vehicle around, followed the vehicle that had just passed them, pulled that vehicle over and disembarked from the police vehicle.  As all four officers approached the stopped vehicle, Officer Carmody recognized Mr. Morales, who was in the front passenger seat.  As the officers approached the stopped vehicle, they noticed Mr. Morales turn toward the back-seat of the stopped vehicle and interact with Mr. Aponte.

2.   The driver of the stopped vehicle, Mr. Morales and Mr. Aponte were removed or removed themselves from the stopped vehicle. After Mr. Morales and the other two individuals of the stopped vehicle were out of the vehicle, one of the officers noticed a clear plastic bag protruding from a pouch attached in back of the front passenger seat.  The clear plastic bag was removed and

Officer Carmody and the other officers noticed that the bag contained small, clear plastic bags of what appeared to be crack cocaine. Upon this discovery, the driver of the stopped vehicle stated while looking directly at Mr. Morales: "I am not taking this", Mr. Morales in response, stated: "that shits mine".

    3.    All three of the individuals were arrested and taken to the Worcester Police Station. While at the Worcester Police Station, all three individuals were advised of their Miranda rights and upon further questioning by Officer Carmody, Mr. Morales admitted that the substance in the clear plastic bag belonged to him.

    4.    Subsequently, the substance in the clear plastic bag was laboratory tested and found to contain 27.92 grams of crack cocaine. <u>Govt. Ex. 1 and 2</u>.

### III.  <u>The Bail Reform Act</u>

#### A.  <u>Discussion of the Bail Reform Act</u>

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines

that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Id.</u> at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. <u>See</u> 18 U.S.C. § 3142 (f); <u>United States v. Jackson</u>, 823 F.2d 4-5 (2d Cir. 1987); <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). <u>See</u> <u>also</u> <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. <u>See</u> 18 U.S.C. § 3142 (f)(1). The Government may also

4

move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).  In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary.  <u>United States v. Jessup</u>, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      b.    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

  (4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

    IV.  <u>Discussion of Whether Detention is Warranted</u>

      A.  <u>Mr. Morales' History and Characteristics</u>

Mr. Morales was born in Worcester, Massachusetts on April 7, 1981, where he has lived all of his life.

Mr. Morales has maintained no relationship with his father. Mr. Morales' mother has lived in Puerto Rico since 2002 and Mr. Morales visited his mother in April 2004 for three weeks. Mr. Morales maintains a close relationship with his mother with whom he maintains contact by telephone.

Mr. Morales has a half-brother, who lives in Worcester, two aunts, who live in Worcester, an aunt in Puerto Rico and another aunt in Ohio.

Mr. Morales has a four year old son as a result of a prior relationship and that son resides with his mother in Worcester. Additionally, Mr. Morales has a twenty month old son with his current girlfriend, who resides in public housing.

Prior to Mr. Morales being arrested in June 2004, he resided at 28 Lakeside Avenue, #5, in Worcester and prior to that, when not

incarcerated, he resided with his mother at various locations in Worcester.

Prior to Mr. Morales' arrest in June 2004, he was self-employed as a barber and prior to that at Verizon, in Millbury, Massachusetts for four months, TJ Max, as a forklift operator for six months and at a day-care center in Plumley Village for approximately two years.

Mr. Morales has a substantial record of convictions for drug and violent offenses which I summarize, in relevant part, as follows:

| Date | Offense | Disposition |
|---|---|---|
| 3/21/01 | Possession of a Class D controlled substance | 12/11/01, continued without a finding; 2/12/02, violation of probation, 90 days committed |
| 4/17/01 | Assault | 8/6/01, 125 days committed |
| 9/23/02 | Possession of a firearm without a permit (2 counts) | 3/5/03, guilty, one year committed |
| 2/12/03 | Possession of a Class B controlled substance | 3/5/03, guilty, file |
| 2/12/03 | Possession to distribute a Class B controlled substance | 3/5/03, guilty, one year committed |

| 2/12/03 | Assault and battery | 3/5/03, guilty, six months committed |
|---|---|---|

After Mr. Carmody arrested Mr. Morales on June 7, 2004, for possession with intent to distribute crack cocaine, he was charged in the state court with that offense and initially held on bail which was later reduced to $5,000 cash. Mr. Morales was then released on $5,000 bail. While on release, Mr. Morales was charged with a gun offense as a result of an allegation that Mr. Morales, who was a passenger in a moving vehicle, had brandished a firearm at a crowd that had gathered at City Hall for a memorial service for a shooting victim. This arrest was the object of a great deal of testimony at the detention hearing. Mr. Morales' bail on the state drug charge was revoked because of the new criminal charges. However, both the state drug and gun charges were subsequently dismissed. The gun charge was dismissed because "the complaining witness is not deemed to be a credible witness" (Def's. Ex. A).

On at least two prior occasions, Mr. Morales has admitted to Officer Carmody that he, Mr. Morales, is a member of the Plumley Village East Gang, which has been the target of several investigations concerning assaults, drugs and several shootings.

    C.   <u>Nature of the Offense and Weight of the Evidence</u>

The Indictment itself is probable cause for the offense charged against Mr. Morales and although he is deemed innocent of that offense until proven guilty, I must examine the nature of the

charge against Mr. Morales and the weight of the Government's evidence in support of that charge. Since Mr. Morales has admitted on two separate occasions (when the drugs were at the scene of the arrest and later after being advised of his <u>Miranda</u> rights) that the crack cocaine retrieved from the automobile in which he was a passenger belonged to him, I find that the weight of the evidence against Mr. Morales in this case is substantial.

### D.  <u>Rebuttable Presumption</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(B), (f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Morales were released, or the appearance of Mr. Morales as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Morales is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the offenses charged against Mr. Morales. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Morales or the safety of the community if he were released. I find that Mr. Morales has not produced, nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the

presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Morales has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that he poses a danger to the community and a risk of flight.

### E. Burden of Proof

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(B), (f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Morales were released, or the appearance of Mr. Morales as required.

The Government's burden of proof is by:

(1) *Clear and convincing evidence* that Mr. Morales, if released, would pose a serious danger to any person or the community, or

(2) A *preponderance of the evidence* that Mr. Morales, if released, would not appear as required.

### F. Whether Mr. Morales Poses A Danger to the Community

Mr. Morales has a record of convictions for drugs and crimes of violence. On August 6, 2001, he received a 125 days sentence for assault; on March 5, 2003, he received a one year sentence for

two counts of possession of a firearm without a permit and assault and battery. On March 21, 2001, Mr. Morales was convicted of possession of a Class D controlled substance, received no sentence for that offense, but was later sentenced to ninety days for violation of probation in connection with that offense. On March 5, 2003, Mr. Morales received a one year sentence for possession with intent to distribute a Class B controlled substance. Therefore, considering Mr. Morales' criminal record for drug and violent offenses, the offense charged in this Indictment, Mr. Morales' gang affiliation and a prior violation of probation, I find by clear and convincing evidence that Mr. Morales poses a danger to the community and that there are no conditions or combination of conditions that can be imposed to assure the safety of any person or persons in the community if he were released.

      G.   <u>Whether Mr. Morales Poses A Risk Of Flight</u>

Mr. Morales has two children through two different relationships residing in Worcester. Mr. Morales also has substantial ties to Puerto Rico where his mother resides and where he recently visited his mother. However, because of Mr. Morales' prior criminal record, he faces a potential ten to twenty years in prison if he is found guilty of the offense charged in this Indictment. Mr. Morales has never served more than one year in the state system. Considering Mr. Morales' potential sentence and the strength of the Government's case, I find by a preponderance of the evidence that he poses a risk of flight and that there are no

conditions or combination of conditions that I can impose to assure his appearance in this Court as required.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Morales be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Morales be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Morales is detained and confined shall deliver Mr. Morales to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE