UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------)
UNITED STATES OF AMERICA,             )
                                      )
vs.                                   )       CRIMINAL ACTION
                                      )       NO. 04-40019-FDS
ALEXIS MORALES,                       )
           Defendant                  )
------------------------------------------------------)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS**

**STATEMENT OF FACTS[1]**

On June 7, 2004 Officers Vo, Lopez, Panarello, and Carmody were on motor patrol in the area of Laurel Street. According to the police report, Officer Carmody claims to have recognized the back seat passenger of a vehicle, Raul Aponte, as someone who had outstanding warrants. The officers turned around the pulled up behind the vehicle. Officer Carmody alleges to have observed the front passenger, Alexis Morales, making gestures towards Mr. Aponte. Officer Lopez removed Mr. Morales from the car and frisked him. The discovery provided indicates that Officer Lopez then began a search of the car. During the search he noticed a clear sandwich bag tied in a knot in the pocket behind the front seat of the vehicle. He recovered the bag, and found several smaller bags containing crack cocaine in it. All three occupants of the vehicle were handcuffed. Mr. Morales and Mr. Aponte were brought to the station for booking.

---

[1] This statement is based on Counsel's brief review of discovery received to date. Counsel reserves the right to supplement or amend the motion as needed.

ARGUMENT

**THE STOP AND SEIZURE OF THE DEFENDANT VIOLATED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS AFFORDED TO HIM UNDER THE FOURTH AMENDMENT, THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, AND ARTICLE 12 AND 14 OF THE MASSACHUSETTS DECLARATION OF RIGHTS.**

I.   THE EVIDENCE MUST BE SUPPRESSED AS THE OFFICERS DID NOT HAVE PROBABLE CAUSE TO BELIEVE THAT AN INDIVIDUAL TRAVELING IN THE CAR HAD A WARANT FOR HIS ARREST

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."   Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. *Whren v. United States*, 517 U.S. 806, 809-810 (1996). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances.   As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe one of its occupants is wanted for an outstanding warrant.

In the case at bar, the police did not have probable cause to believe that one of the passengers had a warrant for his arrest. During the motion hearing, the Court will hear the testimony of several witnesses who were present during the stop. The Court will hear testimony regarding the respective speed of the cars, the location of the witnesses at the time they claim to have recognized Mr. Aponte, and the conditions of the car in which Mr. Aponte was traveling. After the Court has an opportunity to judge the credibility of the witnesses and view the characteristics of the motor vehicle, the Defendant requests that the Court make a factual determination that the officers could not have recognized Mr. Aponte prior to exiting their

vehicle. As such at the time of the stop, the officers lacked reasonable suspicion to stop the motor vehicle.

    II.    ARTICLE 14 OF THE MASSACHUSETTS DECLARATION OF RIGHTS PREVENTS THE ORDERING OF PASSENGERS OUT OF A MOTOR VEHICLE WITHOUT REASONBLE SUSPICION THAT A CRIME HAS BEEN COMMITTED

While the Fourth Amendment permits officers to order passengers out a motor vehicle during a motor vehicle stop, *Maryland v. Wilson* 519 U.S. 408 (1997), the Massachusetts Declaration provides greater protection that the Fourth Amendment. *Commonwealth v. Torres,* 424 Mass. 153, 154-55 (1997). Article 14 grants protections to drivers and occupants of motor vehicles under Article 14 in a variety of areas that, in some cases, may not be recognized under the Fourth Amendment. *Commonwealth v. Gonsalves*, 429 Mass. at 662 (1999). As such, prior to ordering a passenger out of a motor vehicle the police must have "reasonable belief that the officer's safety, or the safety of others, is in danger." *Gonsalves*, 429 Mass. at 663; *Commonwealth v. Torres*, 433 Mass 669, 673 (2001). *Commonwealth v. Williams*, 46 Mass. App. Ct. 181, 182-82 (1999).

In the case at bar, the interaction between the Defendant and Mr. Aponte does not rise to the level of suspicion to justify the Defendant's exit order. At the time of the stop the Defendant was certainly permitted to speak and interact with Mr. Aponte. The Defendant had not disobeyed any of the officers' orders. *Commonwealth v. Egan*, 12 Mass. App. Ct. 658, 661 (1981); *Torres*, 433 Mass. at 674-75 (Officer observed one suspect flee from car with backpack after being ordered to stay in car). The Defendant's interactions with Mr. Aponte are nothing more than a normal interaction which would occur during a motor vehicle stop. *Williams*, 46 Mass. App. Ct. at 184 (acting "suspiciously", "moving around", and appearing "extremely nervous" insufficient

to justify exit order).  As such the Defendant should not have been ordered from the car.  Therefore the statements made as a result of that exit order must be suppressed.

    III.    THE DEFENDANT'S STATE AND CONSTITUTIONAL RIGHTS WERE VIOLATED BY DETAINING HIM OUTSIDE OF THE CAR WITHOUT REASONABLE SUSPICION THAT A CRIME HAD BEEN COMMITTED

While an exit order may be permissible under limited circumstances, the continued detention of an individual must be based upon traditional Terry stop considerations.  *Terry v. Ohio,* 392 U.S. 1 (1968). While permitting automatic exit orders for occupants of motor vehicles, the U.S. Supreme Court specifically declined to expand an exit order to automatically permit detention of the occupant. *Maryland v. Wilson*, 519 U.S. at 415 fn3. ("Maryland urges us to go further and hold that an officer may forcibly detain a passenger for the entire duration of the stop…the question is not presented…we express no opinion upon it"). The Court's rationale in permitting automatic exit orders is based on the risk of danger to the officer that the passenger may have access to a weapon inside an automobile. *Maryland v. Wilson*, 519 U.S. at 414.  Thus once ordered out of the car, the passenger "will be denied access to any possible weapon that might be concealed in the interior of the passenger compartment. " *See Id*. As such, once outside the car, the rationale for detention is no longer present and an individual is presumably free to leave the area.  An officer's decision to keep the passenger at the scene is a seizure. *Whren v. U.S.*, 517 U.S. 806, 809-10 ("temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons'"). Detaining and searching such an individual is a constitutional intrusion which must now be justified, at a minimum, on reasonable suspicion based on specific and articulable facts that he has committed, is committing or will commit an  offense. *Terry v. Ohio*.  392 U.S. at 27.

In the case at bar, the officers lacked reasonable suspicion to stop and frisk the defendant. At the time the Defendant had been ordered out of the car, he merely interacted with Mr. Aponte, who had a warrant for his arrest. This is insufficient to justify a pat frisk as a "person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1970); *United States v. Di Re,* 332 U.S. 581, 583 (1948) (Police who arrested driver based on informant tip could not pat frisk passenger). Distinct from the pat frisk, the officers detained the Defendant while they forcibly removed Mr. Aponte from the car and searched the vehicle. This further detention requires more than knowledge of the Defendant's prior criminal record. *United States v. Davis*, 94 F.3d 1465 (10th Cir 1996) (Police officers' knowledge of Defendant's prior criminal record standing alone is insufficient to create reasonable suspicion.) It also does not permit the detention of the Defendant because of his association with Mr. Aponte. *United States v. Daniel*, 804 F.Supp 1330, 1335 n.10 (D. Nev 1992) ("One's status as a gang member, however, even a gang member with a known arrest or conviction record, does not, without more, create the reasonable and articulable suspicion necessary to justify an investigative detention"); *Orenelas v. United States*, 517 U.S. 690, 696 (1996) (Knowledge of Defendant is not enough; there must be a "particularized and objective basis" for suspicion).

## Conclusion

For the foregoing reasons, the Court should conduct an evidentiary hearing into the action taken by Officers Vo, Lopez, Panarello, and Carmody on June 7, 2004. Should the Court find that their actions were not supported by probable cause, or were done in violation of the Defendant's state and federal Constitutional rights, the Court should allow the Defendant's

motion and suppress the drugs allegedly located in the vehicle and the statements made both at the scene and at the station.

                                                    Respectfully Submitted,
                                                   ALEXIS MORALES
                                                   By His Attorney

                                         _____/"Eduardo Masferrer"/_____
                                         Eduardo Masferrer
                                         BBO # 644623
                                         Masferrer & Hurowitz, P.C.
                                         6 Beacon Street Suite 720
                                         Boston. MA, 02108