UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
         v.                 )    CRIMINAL NO. 04-40019-FDS
                            )
ALEXIS MORALES              )
                            )
         Defendant.         )

### GOVERNMENT'S REPLY MEMORANDUM

The United States of America hereby replies to Defendant's supplemental memorandum regarding his motion to suppress his statements and crack cocaine. Rather than supporting the motion, Defendant has underscored why the motion should be denied.

**I. Suppression Depends on the Biased Viewing**

Defendant's supplemental memorandum makes one thing abundantly clear: suppression depends heavily upon the viewing of the SUV, conducted under conditions dictated exclusively by Defendant, without notice. The viewing was flawed procedurally and substantively, and merits little, if any, weight.

The procedural flaw was to forego notice to the government. Defendant moved for the viewing without notice in the middle of the suppression hearing. This flaw begat substantive defects. Had the government received timely notice, it could have raised timely and proper objections and/or worked with Defendant to approximately reconstruct conditions that exited on June 7, 2004. We believe, a true re-creation, if it could be accomplished,

would corroborate, and not contradict, Officer Carmody.[1]

The record in this case lacks such a fair reconstruction. Yet, it is on the basis of the flawed viewing that Defendant asks this Court to do no less than find that two veteran police officers committed perjury.  Such a finding would not only defeat a prosecution of Defendant for a serious drug offense to which he confessed, but in the same stroke would do enormous damage to both the reputation and futures of two police officers.  If there were convincing evidence to support such harsh results, then perhaps nothing less would be deserving.  But, the evidence here, the handiwork of Defendant alone, falls far short of the mark.

Nor are the flaws in the viewing helped by Defendant's other arguments against crediting Officer Carmody.  For instance, Defendant argues that there is internal inconsistency between the fact that Carmody saw Aponte and Officer Lopez did not.  The record shows that Lopez did not even notice the SUV until after Carmody said that Aponte was in the SUV.  [Hg. 1:84].  Defendant argues internal inconsistency exists because Carmody saw furtive movements through the rear windshield and Lopez did not.  We do not think that the Court should credit the viewing, but if it did, it was clear that a person behind the SUV could see the

---

[1] To reach this point, we believe that Andrews should prove every change he made to the SUV after June 7, 2004, and prove that he did not make other changes, such as further tinting the side windows after June 7, 2004.

silhouettes of the occupants, and their movements.[2] Defendant claims that removing Defendant before Aponte undermines Carmody. This claim ignores the fact, recited in the next sentence of Defendant's supplemental memorandum, that Carmody knew Defendant to be dangerous; it is internally consistent that Carmody would have wanted to neutralize Defendant before arresting Aponte. Finally, Carmody did not leave Defendant unwatched, as Defendant claims.  Indeed, Defendant recites in a footnote the fact that Carmody believed Defendant was watched.

The credible evidence shows the stop was lawfully conducted.

## II.  The Inconsistencies in Defendant's Seizure Evidence

Defendant claims he was seized.  He puts great weight on Officer Lopez's use of the word "wait".  But the record shows that Lopez was vague in his recollection: "I think I said something like go wait over there, or go over there." [Hg. 1:75].

>     Q. And your testimony is you told him to go wait over there?
>
>     A. Right.
>
>     Q. Did you point where you wanted him to wait?
>
>     A. Well, we just, pretty much just go wait over there.  It wasn't any, you know, any particular place.  It was just go wait, stand over there.

[Hg. 1:90-91].  Moreover, Defendant's emphasis further shows that Andrews is not credible.  Andrews testified that he saw the

---

[2] In fact, if the Officers were lying, as Defendant suggests, one would think they would have synchronized their observations.

3

police seat Defendant on the curb. [Hg. 1:129; 2:62-63]. If Andrews were telling the truth, then there would have been no need to tell Defendant whether

## III. Jurisdiction over State Claims

The cases Defendant cites fail to show how this Court has jurisdiction over State law claims. United States v. Pratt, 913 F.2d 982 (1st Cir. 1990) and United States v. Jarabek, 726 F.2d 889 (1st Cir. 1984) indicate that a court may exercise its supervisory powers to exclude ill-gotten evidence. But these cases do not suggest the Court is empowered to hear state law claims. Indeed, the First Circuit stated:

> [W]e wish to curb speculation as to a "silver platter" exception stemming from our dicta in Pratt and Jarabek. In our view, the language in note 10 of Jarabek implies only that in an extreme case of flagrant abuse of the law by state officials, where federal officials seek to capitalize on that abuse, this court might choose to exercise its supervisory powers by excluding ill-gotten evidence. This pronouncement is not ground-breaking; it merely traces the contours of a well-established power inherent in the federal courts. See [United States v.] Elkins, 364 U.S. [206,] at 216 [(1960)]. It certainly does not delineate an exception to the general rule that federal law governs in federal prosecutions.

United States v. Sutherland, 929 F.2d 765, 770 (1st Cir. 1991).

In any case, even if the state claim was properly laid in this Court – and it was not – it is cumulative since, as Defendant concedes, for the Court to consider the state claim he would have to effectively establish, at a minimum, a violation of the fourth amendment. Thus, the threshold showing would entitle Defendant to suppression under federal law, and there would be no

4

need to reach the merits of a state law claim.

## CONCLUSION

The motion to suppress should be denied.

                Respectfully submitted,

                Michael J. Sullivan
                United States Attorney

By:  /s/David Hennessy
     David Hennessy
     Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by facsimile and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Eduardo Masferrer
        Masferrer & Hurowitz, P.C.
        6 Beacon Street
        Suite 720
        Boston, MA 02108

This 31st day of January, 2005.

                /s/David Hennessy
                David Hennessy
                Assistant U.S. Attorney