```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )   CRIMINAL NO. 04-40019-FDS
                            )
ALEXIS MORALES              )
                            )
        Defendant.          )
```

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO POST-HEARING MOTION**

The United States of America files this memorandum in response to the post-suppression hearing motion of Alexis Morales. In one and a quarter pages, Morales moves for a half dozen forms of relief: "for leave to potentially supplement the Records (sic);" "to reopen the Defendant's motion to suppress;" "an opportunity to present to the Court various options regarding a more 'scientific re-creation' [of the circumstances of the car stop];" "additional time to determine if there exists a witness who could provide the 'scientific or technical expert testimony' which the Court referenced [in its order denying the motion];" and "at least 21 days to determine if such a recreation is possible and to present scenarios to the Government and the Court for its consideration." See Motion, pp.1-2.

While cramming a request for such expansive relief into such a stingy document might explain why there is not a single citation to case law or statute to support this motion, it is as likely that the reason Defendant has cited no supporting authority is that none exists. The motion should be summarily

1

denied.

### The Motion Ignores Controlling Limits on Criminal Practice

The instant motion violates the letter and spirit of case law and rules that govern criminal practice and are intended to safeguard the right of the accused and the public to a speedy trial of the charges.

First, it is well-settled that a defendant cannot appeal a motion to suppress, except upon conviction. DiBella v. United States, 369 U.S. 121, 131 (1962) (defendant could not appeal denial of motion to suppress filed before indictment, but ruled on after); Cogen v. United States, 278 U.S. 221, 227-28 (1929) (order denying suppression of papers taken from defendant not appealable); United States v. Acosta, 669 F.2d 292, 292 (5th Cir. 1982)(citing DiBella for rule that denial of a pretrial motion to suppress is a non-final interlocutory order which is not appealable). 18 U.S.C. § 3731, which authorizes an appeal from an order suppressing evidence, is an exception to the rule, and is limited in its scope to an appeal by the United States, upon satisfaction of certain conditions..

The instant motion ignores these longstanding and controlling precedents. Having denied the motion to suppress, the Court is asked to re-open the matter so that Defendant may enjoy the proverbial second bite at the apple. If granted, the motion would place Defendant in the same, if not better, position

of a litigant who has successfully taken an interlocutory appeal. For this reasons it should be denied.

Second, the United States, like the accused, is entitled to a speedy trial of the charges, see e.g. 18 U.S.C. § 3161(h)(8)(A) (authorizing an exclusion from the speedy trial requirements where the reasons outweigh the "best interests of the public and the defendant in a speedy trial"), and to the prosecution of charges without unjustifiable expense.  Fed. R. Crim. P. 2 (directing that the Federal Rules of Criminal Procedure be interpreted to "eliminate unjustifiable expense and delay"). Defendant's motion compromises these protections.  If relief sought by Defendant were granted, the motion would impose unjustifiable expense on the United States.  For instance, taking testimony from witnesses Defendant is looking for would involve the government in another hearing and likely involved government witnesses in rebutting this testimony.  It might also cause unjustifiable delay.  If as a result of the instant motion, the Court did suppress the drugs or Defendant's statements, the government would certainly take an appeal, since such evidence is "substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731.  An appeal would involve this case in a substantial and unjustifiable delay.  Hence, allowing this motion

would violate a fundamental objective of the Federal Rules.[1]

Third, insofar as the motion seeks input from the Court on how Defendant should prepare a second viewing, the motion does not present a case or controversy, and hence is not a matter over which the Court has jurisdiction.  See Article III, Section 2 of the Constitution (confining federal court jurisdiction to "cases" and "controversies").  Here, Defendant seeks an advisory opinion from the Court on "various options regarding a more 'scientific re-creation'" and intends to present "possible scenarios" to the Court "for its consideration."  The motion ignores the constitutional limitations on the power of this Court.  It also threatens the impartiality of the Court since, if the Court were to advise Defendant on how to respond to the government's evidence – and we are not suggesting the Court would do so - the Court would essentially be required to review its own guidance in the matter, a situation that renders an impartial decision a near impossibility.

Fourth, the motion is defective because it fails to comply with a basic condition precedent for motion practice in this District.  Local Rule 7.1(A)(2) provides:

---

[1] Moreover, Defendant offers no good reason for seeking to re-open other than having the benefit of the Court's ruling. Obviously, knowing the cards the house is holding gives someone a significant tactical advantage.  But gamesmanship aside, the law does not so easily allow an exception to the prohibition against interlocutory appeals.  See DiBella.

> No motion shall be filed unless counsel certify
> that they have conferred and have attempted in good
> faith to resolve or narrow the issue.

The motion contains no such certification; nor could it. The government received notice of the motion when Counsel for Defendant delivered it to the government table at a pretrial hearing, and announced that he would not be seeking argument on the motion then and there, unless the Court had questions. While the government recognizes that a conference would not likely have resolved or narrowed the issue, at least the government would not have been completely surprised by the motion – the tack Defendant has adopted throughout these proceedings.[2]

**Burden Shifting**

In the motion, Defendant suggests that the Court's ruling impermissibly shifted the burden of production to the Defendant, in violation of the Constitution. This argument is not developed in any way, and (speaking of burdens) it should fall on Defendant as movant to undertake the responsibility of injecting some precision into this claim, not the government. In any case, we submit that the Court correctly identified and applied the burden of proof in its ruling on the motion to suppress.

---

[2] In fact, the irony here is that Defendant chose to forego giving anyone any notice of his intention to conduct a demonstration. Rather, he announced it in the middle of the suppression hearing, to the prejudice of the government. As a matter of equities, Defendant made his bed; let him sleep in it.

## CONCLUSION

"Hearings cannot be convened at the whim of a suitor, made available like popsicles in July, just because a passerby would like to have one."  <u>United States v. DeCologero</u>, 821 F.2d 39, 44 (1st Cir. 1987).  The instant motion suffers from being a motion for relief, not because the law allows it, but – despite the law – because Defendant wants it.  It should be summarily denied.

                Respectfully submitted,

                Michael J. Sullivan
                United States Attorney


By:   <u>/s/David Hennessy</u>
      David Hennessy
      Assistant U.S. Attorney


<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by facsimile and by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Eduardo Masferrer
        Masferrer & Hurowitz, P.C.
        6 Beacon Street
        Suite 720
        Boston, MA 02108

    This 24st day of March, 2005.

                /s/David Hennessy
                David Hennessy
                Assistant U.S. Attorney