UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. |
| ALEXIS MORALES, | ) 04-40019-FDS |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON MOTION TO
SUPPLEMENT THE RECORD OR REOPEN THE SUPPRESSION HEARING**

**SAYLOR, J.**

Defendant Alexis Morales is charged under 21 U.S.C. § 841 with possession with intent to distribute 27.92 grams of crack cocaine. The drugs in question were discovered at approximately 7:20 P.M. on June 7, 2004, after Worcester police officers stopped a Mercury Mountaineer sport utility vehicle on Laurel Street in Worcester. The defendant, who was traveling as a passenger in the Mountaineer, confessed to ownership of the drugs at the scene of the vehicle stop and later at a police station, after receiving Miranda warnings.

On November 23, 2004, the defendant moved to suppress all incriminating statements he made to police on grounds that this evidence was obtained in violation of his rights under the Fourth Amendment of the United States Constitution. Specifically, the defendant contended that the Worcester police lacked reasonable suspicion to stop the Mountaineer and that all evidence gathered as a result of the stop was therefore inadmissible as "fruit of the poisonous tree."

At the suppression hearing, held on January 18-19, 2005, the government's key witness was Officer James Carmody, one of the Worcester police officers involved the vehicle stop and

arrest of the defendant. Carmody testified that he was traveling as a passenger in a police cruiser on Laurel Street at 7:20 P.M. on June 7, 2004; that the Mountaineer in which defendant was traveling approached his cruiser from the opposite direction; and that, as the two vehicles passed one another, he observed, through the Mountaineer's front windshield, an individual who was wanted on an arrest warrant seated in the back passenger's side seat behind the defendant. According to the government, it was Carmody's identification of this individual which gave the police reasonable suspicion to stop the vehicle.

In an effort to discredit Carmody's testimony, defense counsel orchestrated a view of the Mountaineer and a demonstration that purported to show that Carmody could not have recognized the back seat passenger through the windshield of the vehicle. The view was conducted on Main Street in Worcester on the opposite side of the street from the federal courthouse, at approximately 4:20 P.M. on January 18, 2005. In the demonstration, a private investigator for the defendant sat in the rear passenger's seat of the Mountaineer, and the Court was asked to look through the front windshield from a position which approximated the distance and angle from which Carmody claimed to have observed the wanted individual on June 7, 2004. The Court was not able to see the face of the private investigator from this position. Based on the results of the demonstration, the defendant argued that Carmody's testimony should be discredited.

On February 22, 2005, the Court denied the defendant's motion to suppress. This decision was based largely on substantial evidence in the record to bolster Carmody's claim to have seen the rear passenger of the Mountaineer, including corroborative testimony from another arresting officer. In rejecting defendant's challenge to Carmody's credibility, the Court pointed out that "the view and demonstration were not a scientific re-creation of the conditions as they existed on Laurel

Street on June 7, 2004." Order, p. 15. The Court also stated that it could not reach any conclusions as to the validity of the demonstration "without, at a minimum, scientific or technical expert testimony that accounted for all of" the differences in sunlight, reflection, shadow, and other variables. *Id.* p. 14.

On March 18, 2005, the defendant moved to supplement the record from the suppression hearing, or, in the alternative, to reopen the suppression hearing in order to present new evidence. First, defendant requests that he be given 21 days to explore evidentiary options and to present possible scenarios to the government and the Court for consideration. Specifically, he requests "an opportunity to present to the Court various options regarding a more 'scientific re-creation'" of events on June 7, and "additional time to determine whether there exists a witness who could provide scientific or technical expert testimony" as to the validity of a re-creation of events. Defendant's Memorandum at 1-2. Second, defendant argues that the Court's ruling on the motion to suppress "impermissibly shift[ed] the burden of production to the Defendant in violation of his rights under the U.S. Constitution." *Id.* at 1.

The question of whether to reopen or supplement the record of a suppression hearing is committed to the discretion of the district court. *See, e.g., United States v. Bin Laden*, 2005 U.S. Dist. Lexis 1669, *30 (S.D.N.Y. February 7, 2005); *United States v. Hobbs*, 31 F.3d. 918, 923 (9th Cir. 1994). Such measures are extraordinary, and should not be undertaken unless the defendant's motion "brings forth 'significant, new factual matters' that are 'material.'" *Bin Laden*, 2005 U.S. Dist. Lexis at *30 (quoting *United States v. Tzakis*, 736 F.2d 867, 872 (2d Cir. 1984)). The defendant must support his request to reopen the record with "evidence, proffer or argument which establishes that there is good cause to [do so]." *United States v. Declerk*, 2003 U.S. Dist.

3

Lexis 20723, *10 (D. Kan. 2003). The district court may deny a motion to reopen the record if the defendant provides no legitimate reason for failing to produce the evidence forming the basis for that motion prior to the Court's decision on the motion to suppress. *See United States v. Dickerson*, 166 F.3d 667, 679-680 (4th Cir. 1999), *rev'd on other grounds*, 530 U.S. 428 (motion to reconsider suppression ruling denied; government had ample opportunities to introduce the evidence in question prior to the ruling, including opportunities to file supplemental memoranda in support of its position); *United States v. Clark*, 695 F. Supp. 1257, 1259 n.1 (D. Me. 1988) (defendant's motion to supplement the record denied; "[b]oth parties had ample opportunity to present evidence at the hearing and to rebut testimony that was presented").

Defendant offers no reason for his failure to put on expert or other foundational testimony in connection with the view and demonstration. It should have been apparent to defense counsel in advance that the probative value of the demonstration depended upon evidence that the conditions of the view adequately reproduced the conditions of the vehicle stop. *Cf. Keller v. United States*, 38 F.3d 16, 32 n.10 (1st Cir. 1994) (evidence "used for demonstrative purposes at trial was excludable due to failure to lay a proper foundation for its admission"); *United States v. Myers*, 972 F.2d 1566, 1579 (11th Cir. 1992) (noting that admission turns on whether there is foundation testimony that demonstrative evidence is a "fair" and "accurate" reproduction of the original).

Furthermore, the defendant was alerted to the issue at the hearing. In agreeing to conduct the view, the Court specifically cautioned defense counsel that it was "not making any ruling as to whether this is going to be a valid experiment . . . [or] just [*sic*] whether there needs to be any testimony for a foundation." Transcript, 1-111. The parties put on evidence over the course of a two-day hearing, after which the Court also advised the parties that it would accept and consider

4

supplemental memoranda on any relevant topic while the motion to suppress was under advisement. The defendant submitted a supplemental filing, but made no request to reenact the vehicle stop under different conditions, offer expert testimony, or add any other evidence to the record.

Even now, almost three months after the hearing, and despite the Court's ruling on the motion to suppress, defendant has proffered no "significant, new factual matters" that could compensate for the deficiencies of the demonstration or otherwise materially affect the motion to suppress. Defendant essentially speculates that time to explore options and present scenarios to the Court would assist his case for suppression. He does not propose any specific course of action or support his motion with any evidence, or proffer of evidence, showing good cause to reopen the record; indeed, he does not even suggest that the requested time is *likely* to yield discovery of new and significant factual material. Thus, even if the Court were inclined to overlook defendant's failure to offer additional evidence in a timely fashion, the pending motion provides the Court with no concrete reason to take the extraordinary step he requests.[1]

Furthermore, the Court is not empowered, under Article III of the United States Constitution, to discuss or consider options and scenarios with the defendant, or to provide him with any form of guidance in his litigation strategy. *See* U.S. Const., Art. III, section 2 (confining federal court jurisdiction to "cases" and "controversies"). Such conduct would place the Court in an advisory role and give it the appearance of an interested stake in whatever course of action

---

[1] Defense counsel has submitted an affidavit stating that, since the court's ruling on February 22, a personal vacation and a family illness have prevented him from investigating the possibility of re-creating the view or obtaining an expert to provide scientific or technical testimony. Even if the Court were to accept those reasons, it does not change the fact that defendant still has made no proffer of additional evidence that might alter the outcome of the hearing.

defendant might ultimately choose to pursue.

Finally, the Court notes that granting defendant's motion would engender considerable delay in these proceedings, and very likely necessitate postponement of the defendant's trial. There are, of course, circumstances in which the need for consideration of new and material facts overrides policies in favor of speed and efficiency. However, reopening the record based solely on the defendant's request for time to explore and present various options, without even a proffer that any additional evidence exists or would assist the defendant, is not one of those circumstances.

Accordingly, defendant has not provided good cause to reopen or supplement the record of the suppression hearing.

Defendant's additional argument, that such measures are warranted because the Court's decision impermissibly placed the burden of production on the defendant, is simply incorrect. The decision unambiguously stated that "[t]he government bears the burden of proving the constitutionality of the vehicle stop by a preponderance of the evidence." Order, p.10. The government proffered evidence to meet this burden, principally in the form of testimony from Carmody. The defendant staged a view and demonstration in an effort to discredit this testimony. However, the Court found that defendant failed to rebut the government's case, in part because the demonstration was not a scientific re-creation and because defendant presented no foundation testimony to validate the experiment. The Court never required defendant to put on evidence, or to prove that the vehicle stop was unconstitutional; the motion to suppress was denied because the government fulfilled its evidentiary burden.

## **Order**

For the reasons stated in the foregoing memorandum, the defendant's motion to reopen the

suppression hearing, or, in the alternative, to supplement the record of the suppression hearing is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: April 15, 2005