UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-40019-FDS |
| v. ) | |
| ) | |
| ALEXIS MORALES, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION IN LIMINE**

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney David Hennessy, files this memorandum in support of the admission of certain evidence at trial. In particular the government moves to admit:

1. Testimony by police officers that such officers heard Police Officer Carmody state, in substance, that Raul Aponte was in a white jeep that was passing the unmarked car of the officers. Such testimony is offered not for the truth of the matter asserted, but to show its effect on the listeners and to prove that Carmody made such a statement.

2. Testimony of Officer Carmody regarding matters relating to narcotics trafficking that will assist the jury in a determination of the issues; and,

3. Notice that the government may offer prior statement of a witness to rebut a claim of recent fabrication, should that matter arise at trial.

In addition, the government attaches hereto notice of its

and the unmarked police car was traveling slowly. The police officers were dressed in blue tee shirts that had the WPD emblem on the front and the word "Police" on the back. In addition, the officers had their badges displayed.

At that time, Officer Carmody, who was seated behind the driver, saw a white Mercury Mountaineer (hereafter, the "Mountaineer"), drive slowly by in the opposite direction. Through the windshield of the Mountaineer, Carmody saw in the rear seat Raul Aponte for whom there was an outstanding arrest warrant for assault and battery.

Carmody instructed the driver of the police car to turn around, that Aponte was in the Mountaineer. Carmody's intention was to arrest Aponte. Carmody had also seen in the front passenger seat of the Mountaineer the Defendant, Alexis Morales. Carmody was a member of the WPD Gang Unit and had dealt with Defendant in that capacity. Defendant had admitted to Carmody to being a member of a gang known as Plumley Village East, whose territory encompassed the area of the stop. In addition, Carmody had participated in arrests of Defendant and was aware that Defendant had been charged with weapons and drug offenses.

When the police car turned around, the Mountaineer had already pulled to the side of the Laurel Street curb, near 29 Laurel Street. The police car stopped and the officers approached. As

---

submitted herewith, of Officer James Carmody.

3

officers: to explain why the driver of the unmarked car in which Carmody and other officers were traveling, turned around, and to explain why the other officers then directed their attention to the Mountaineer. Moreover, the testimony of the other officers would be offered to prove that Carmody made the statement that he made, thus proving a matter that may be in issue: whether Carmody saw Aponte in the Mountaineer. The government would have no objection to a contemporaneous limiting charge, as well as a charge at the conclusion of the case, explaining the purpose for which this testimony was admitted and for which the jury may consider it.

### C. Testimony based on Specialized Knowledge

The government expects to elicit testimony from Officer Carmody about matters based on his training and experience which are not within the typical juror's common knowledge. Officer Carmody is a ten-year veteran of the Worcester Police Department. He has seen crack cocaine in hundreds of instances during police work, and he has received training in the identification and illegal distribution of controlled substances. The matters to which Officer Carmody would testify are as follows:

A. the appearance of crack cocaine;

B. the manner in which crack cocaine is generally prepared, ingested and packaged;

C. the use by drug dealers of slang and vague terms in conversations to refer to illegal drugs; and,

D. that a certain drug weight, 14 grams, triggers the filing in state court of the more serious felony charge of

"simply require[] that the trial judge, under the Federal Rules of Evidence, ensure that an expert's testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" Lopez-Lopez, 282 F.3d at 14 *quoting* Daubert, 509 U.S. at 597. The test for reliability is "flexible" and "Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Id. *quoting* Kumho Tire, 526 U.S. at 141-42. "The law grants a district court the broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." Id. *quoting* Kumho Tire, 526 U.S. at 142.

In light of these precedents, the First Circuit has "admitted expert testimony regarding the operation of criminal schemes and activities in a variety of contexts, finding such testimony helpful to juries in understanding some obscure or complex aspect of the crime." Lopez-Lopez, 282 F.3d at 15 *quoting* United States v. Montas, 41 F.3d 775, 783 (1st Cir. 1994) (and citing cases).

The matters to which Carmody would testify fall into both categories of obscure and complex subjects. The typical juror is unlikely to be familiar with crack cocaine generally, and with the appearance of crack cocaine, and the manner in which it is prepared and packaged. Yet this testimony is important to establishing that substance recovered from the Mountaineer is the controlled substance charged in the indictment, crack cocaine. Similarly, the

9

typical juror is not likely to be familiar with gradations in state criminal law, and drug weights that may trigger certain charges and penalties.

**H.  Non-hearsay use of Prior Statement**

In this case, Officers Carmody and Lopez gave prior statements about the events leading to defendant's arrest and defendant's confessions. Officer Carmody testified in the grand jury, at a detention hearing, and at the suppression hearing held before the Court. Officer Lopez testified at the suppression hearing.

Their prior statements would be admissible under Rule 801, if defendant were to suggest that recent events have improperly influenced their trial testimony or more recent statements. Fed. R. Evid. 801(d)(1)(B) provides that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination regarding the statement and the statement is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive;" see also United States v. Tome, 513 U.S. 150 (1995)(explaining the common law rule and citing cases).

10

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court admit the proffered testimony described above.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:    /s/ David Hennessy
         David Hennessy
         Assistant U.S. Attorney

11

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record, Eduardo Masferrer, Esq., a copy of the foregoing document by federal express.

This 31st day of May, 2005.

David Hennessy
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 04-40019-FDS
)
ALEXIS MORALES, )
)
Defendant. )

**NOTICE OF GOVERNMENT'S INTENTION
TO INTRODUCE PRIOR CRIMINAL CONVICTION
AND THE FACTS UNDERLYING SUCH PRIOR CONVICTION
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant U.S. Attorney David Hennessy, hereby gives notice pursuant to Fed. R. Evid. 404(b), that should defendant claim that he was ignorant of the type or quantity of controlled substance recovered from the vehicle in which he was traveling, or was ignorant of the consequences of admitting possession of such controlled substance, or otherwise place his knowledge and intent in issue, the government will move to admit evidence of defendant's prior conviction in March 2003 of possession of a Class B substance with intent to distribute, and the facts underlying such conviction.

In order to place the government's anticipated motion in proper context, the government will withhold its motion until defendant, by examination of witnesses and argument and/or the

presentation of evidence, places his knowledge and intent in issue.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:  /s/ David Hennessy
      David Hennessy
      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record, Eduardo Masferrer, Esq., a copy of the foregoing document by federal express.

    This 31th day of May, 2005.

/s/ David Hennessy
DAVID HENNESSY
Assistant US Attorney