UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-40019-FDS |
| | ) | |
| ALEXIS MORALES | ) | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, defendant, Alexis Morales, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests as the facts and law develop during the upcoming pretrial period and during the trial.

ALEXIS MORALES
By his attorney,


_____
Eduardo Masferrer
B.B.O. #644623
Masferrer & Hurowitz, P.C.
6 Beacon Street, Suite 720
Boston, MA 02108
Tel:  617-531-0135


CERTIFICATE OF SERVICE

I, Eduardo Masferrer, certify that a true copy of this document was served on Assistant U.S. Attorney Daivd Henessey by electronic and postage delivery on May 31, 2005.


_____
Eduardo Masferrer

## DEFENDANT'S REQUEST 1: PRESUMPTION OF INNOCENCE

The law in the United States of America presumes every defendant to be innocent of crime.  This presumption of innocence can be overcome only if the government by means of competent evidence convinces the jury beyond a reasonable doubt of the guilt of Mr. Morales with respect to every element of the offense with which he has been charged.  This presumption of innocence remains with Mr. Morales throughout the course of this trial.[1]

---

[1] United States v. Campbell, 874 F.2d 838 (1st Cir. 1989); United States v. Littlefield, 840 F.2d 143 (1st Cir.) (recommending trial courts to make "presumption of innocence concept . . . as explicit as possible"), cert. denied, 488 U.S. 860 (1988).

**DEFENDANT'S REQUEST 2:  BURDEN OF PROOF**

The government has the burden of proving every element of the charge against Mr. Morales beyond a reasonable doubt.  If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant. The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Morales is not guilty. The defendant is never required to prove that he is innocent.

## DEFENDANT'S REQUEST 3: REASONABLE DOUBT[2]

"As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions--one that a defendant is guilty as charged, the other that the defendant is not guilty--you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense."

---

[2] Adapted from the charge of Judge Keeton in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1ˢᵗ Cir. 1997).

## DEFENDANT'S REQUEST 4: INDICTMENT IS NOT EVIDENCE[3]

An indictment itself is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination about whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

---

[3] *United States v. Garcia*, 562 F.2d 411 (7th Cir. 1977); *Brandon v. United States*, 431 F.2d 1931 (7th Cir.), *cert. denied*, 400 U.S. 1022 (1971); *United States v. Mackay*, 491 F.2d 616 (10th Cir. 1973), *cert. denied*, 416 U.S. 972 (1974); *United States v. Strauss*, 678 F.2d 886 (11th Cir. 1982).

## DEFENDANT'S REQUEST 5: CREDIBILITY

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

It will be your duty to decide any questions of fact.  You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given their testimony.  You are the sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth.  You may reject all the testimony of a witness, you may reject some parts and accept others, you may think a witness exaggerates, or understates, remembers, or forgets.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; any motive to lie or fabricate they may have; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events, including the accuracy of the witness' recollection, the quality of the witness' memory, whether or not the witness has made prior statements or given prior testimony inconsistent with his or her testimony at trial.

**DEFENDANT'S REQUEST 6**: **STATEMENTS BY DEFENDANT**

You have heard evidence that Alexis Morales made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether Mr. Morales made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**DEFENDANT'S REQUEST 7: MISSING WITNESS**
(SHOULD A GOVERNMENT WITNESS NOT TESTIFY)

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if the witness would be favorably disposed to the government, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the government. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence.

**DEFENDANT'S REQUEST 8: WITNESS, NOT THE DEFENDANT, WHO TAKES THE
FIFTH AMENDMENT**
(SHOULD MR. APONTE ASSERT HIS FIFTH AMENDMENT PRIVILEGE)

You heard Raul Aponte refuse to answer certain questions on the ground that it might violate his right not to incriminate himself. You may, if you choose, draw adverse inferences from this refusal to answer and may take the refusal into account in assessing this witness's credibility and motives, but you are not required to draw that inference.[4]

---

[4] This instruction is based upon *United States v. Berrio-Londono*, 946 F.2d 158, 160-62 (1st Cir. 1991), *cert. denied*, 502 U.S. 1114 (1992), and *United States v. Kaplan*, 832 F.2d 676, 683-85 (1st Cir. 1987), *cert. denied*, 485 U.S. 907 (1988). It is within the discretion of the court to refuse to allow a witness to take the stand where it appears that the witness intends to claim the privilege as to essentially all questions. *See United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973); *accord United States v. Gary*, 74 F.3d 304, 311- 12 (1st Cir.), *cert. denied*, 116 S. Ct. 2567 (1996); *Kaplan*, 832 F.2d at 684.

### DEFENDANT'S REQUEST 9: LAW ENFORCEMENT WITNESSES[5]

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is also appropriate to consider whether, in his investigation, the particular law enforcement witness acted in accordance with the standards of his department or agency.  If not, you must consider the failure(s) to comply with proper procedures both in evaluating the witness' credibility and in evaluating the propriety of his conduct.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[5] Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16 at 7.01.

**DEFENDANT'S REQUEST 10: DEFENDANT'S DECISION NOT TO TESTIFY**
(To be given only if defendant does not testify)

Under our Constitution, the defendant has an absolute right not to testify.  In this case the defendant has exercised that lawful right.  The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt.  No negative inference may be drawn from this decision.  Mr. Morales has entered a plea of not guilty.  I instruct you emphatically that, in the jury room, you may <u>not</u> speculate about why he did not take the stand.  You may not even discuss the fact that he did not testify.  I have told you why he did not testify.  He has exercised his lawful right.

**DEFENDANT'S REQUEST 11[6]**
(To be given if defendant testified and is impeached with prior convictions)

As I instructed you earlier, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times and the defendant is presumed innocent.

In this case Mr. Morales did testify and he was subject to cross-examination, like any other witness. You learned during his testimony that the defendant was previously convicted of a crime. This prior conviction was received into evidence for the sole purpose of helping you to decide how much of his testimony to believe. I want to caution you that you may not consider the defendant's prior conviction in any way, except for the limited purpose of helping you decide how much of his testimony to believe and what weight, if any, to give it. You are specifically instructed that you may not consider the defendant's prior conviction as any evidence of his guilt in this case.

---

[6] Adapted from L. Sand, Modern Federal Jury Instructions, Instruction 7-13.

**DEFENDANT'S  REQUEST 12: FAILURE TO CONDUCT TESTS OR FOLLOW PROCEDURES**

The fact that certain tests were not conducted by the police, any delay or inadequacy in the tests which were performed, the failure to follow normal police procedures, or to gather relevant evidence, are permissible grounds on which to build a defense, and may raise a reasonable doubt in the minds of the jurors. If you determine that it would be expected, in the normal course of events, to perform such tests or gather relevant evidence, such as interviewing witnesses, photographing injuries or fingerprinting items, and the Government failed to fulfill its responsibility, then you may draw a negative inference from such failure. In other words, you may infer that such gathering and documentation of evidence, if properly conducted, would have resulted in evidence favorable to the defendant.  *Commonwealth v. Bowden*, 379 Mass. 472 (1980); *Commonwealth v. Benoit*, 382 Mass. 210 (1981). See *Commonwealth v. Franklin*, 366 Mass. 284, 292 (19-74), *Commonwealth v. Reid*, 29 Mass. App. Ct. 537 (1990)(failure to record names of percipient witnesses).

**DEFENDANT'S REQUEST 13: PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

## DEFENDANT'S REQUEST 14: INFERENCES

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but are not required to draw--from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

**DEFENDANT'S REQUEST 15: IMPROPER CONSIDERATIONS:  NATURE OF CRIME CHARGED**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant. All persons are entitled to the presumption of innocence.  The government has the burden of proof beyond a reasonable doubt. It would be equally improper for you to allow any feelings you might have about the nature of the crime.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**DEFENDANT'S  REQUEST 16: BIAS**

You should specifically consider signs of resentment or anger which some government witnesses may have towards the defendant.  Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**DEFENDANT'S REQUEST 17: POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE**

Alexis Morales is accused of possessing crack cocaine on or about June 7, 2004 intending to distribute it to someone else. It is against federal law to have crack cocaine in your possession with the intention of distributing it to someone else. For you to find Mr. Morales guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

*First*, that Alexis Morales on that date possessed crack cocaine, either actually or constructively;

*Second*, that he did so with a specific intent to distribute the crack cocaine over which he had actual or constructive possession; and

*Third*, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that Mr. Morales actually delivered the crack cocaine to someone else, or that he/she made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he/she had in his/her possession what he/she knew was crack cocaine and that he/she intended to transfer it or some of it to someone else.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession. "Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his/her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

## DEFENDANT'S REQUEST 18: MERE PRESENCE

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed or mere association between Mr. Morales and Mr. Aponte is not sufficient conduct to find that Alexis Morales committed that crime. You must find that Alexis Morales possessed the crack cocaine either actually or constructively and was not merely a knowing spectator.[7]

---

[7] *United States v. Acevedo,* 842 F.2d 502, 507 (1st Cir.1988)