THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALEXIS MORALES )<br>) | Criminal No. 04-40019-FDS |

**MOTION IN LIMINE REGARDING PRIOR BAD ACTS**

The Defendant moves this Honorable Court to order the Government to refrain from eliciting the following prior bad acts information regarding the Defendant:

1. *Gang Membership*: Testimony at the detention hearing and motion to suppress indicates that the officers involved claim that Mr. Morales is a member of the Plumbley Village East Gang. Furthermore, they have stated that Mr. Morales has informed the police that he is a member of this alleged gang.

2. *Prior Conviction record*: Mr. Morales has a prior conviction of possession of marijuana, possession of class B substance, and possession of a firearm without a firearm identification card.

As grounds thereof, the Defendant states that the probative value of much of this evidence is outweighed by the prejudicial value. Evidence of prior bad acts is admissible if it survives two related tests: (1) the evidence must be relevant for a "special purpose," that is, to prove something other than bad character or propensity to commit crimes, and (2) the probative value of the evidence must "substantially outweigh" risks of prejudice, confusion, or waste of time. *U.S. v. Spinosa*, 982 F.2d 620, 627 (1st Cir. Mass) (1992). Whether the Defendant is a member of a particular gang or if he has prior convictions is not probative of his alleged possession of a controlled substance with the intent to distribute it on a particular day. Therefore, any effort to introduce these facts would be an attempt to show bad character or a propensity to commit the offense charged. This is clearly prohibited under 404(b). Furthermore, any minimal probative

1

value must be balanced against the "real danger of unfair prejudice." *United States v. Ridehuber*, 11 F.2d 516, 523-24 (5th Cir. 1993). (Defendant convicted for possession of shotgun: "The danger of unfair prejudice from admission of the drug-related evidence, by contrast, was great. The clandestine manufacture of controlled substances like methamphetamine and amphetamine is the kind of offense for which the jury may feel the defendant should be punished regardless of whether he is guilty of the charged offense.)

For the above stated reasons, the Court should order the Government to refrain from introducing such evidence at trial.

Respectfully Submitted
ALEXIS MORALES
By His Attorney

____ ____"s" Eduardo Masferrer_____
Eduardo Masferrer
BBO# 644623
Masferrer & Hurowitz, P.C.
6 Beacon Street, Suite 720
Boston, MA 02108
(617)531-0135

**Certificate of Service**

I Eduardo Masferrer, do hereby certify that I have served upon the person listed below a copy of the foregoing documents in hand and by electronic mail, this the 31st day of May 31, 2005.

AUSA David Hennessey,
Unites States District Court
Office of the U.S. Attorney
595 Main Street
Suite 206
Worcester, MA 01608

"s" Eduardo Masferrer
Eduardo Masferrer

2