UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-40019-FDS |
| | ) | |
| ALEXIS MORALES | ) | |

<u>DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS</u>

The Defendant Alexis Morales, through undersigned counsel, respectfully submits that the following questions be proposed to the venire at the time of jury selection in this case. The Defendant submits that the following queries will enable the Court to determine whether the jurors are free from bias, prejudice, or any other interest in the outcome of this case.

1.  Do you have any legal training or work experience in the legal profession?

2.  Have you, or any of your relatives or close friends, ever been connected with or employed by a police department or other law enforcement agency? If so, describe your relationship with that person and whether it would affect your ability to fairly judge the evidence in this case. <u>Brown v. United States</u>, 338 F.2d 543 (D.C. 1964).

    a. Do you believe that a police officer's testimony should be given more weight or is more credible than the testimony of any other witness, just because that witness is a police officer?

    b. If the evidence were in conflict, would you tend to believe the testimony of a police officer over the testimony of any other witness, just because the testimony comes from a police officer?

    c. Do you believe that police officers can make mistakes, just like any other person?

3.  Have you ever served on a jury before? If so, was that on a civil case or a criminal case? Do you understand the difference between the plaintiff's burden of proof in a civil case and the prosecution's burden of proof in a criminal case? Was there anything about that experience which would make it difficult for you to be fair and impartial in this case?

4.  Have you, or has any member of your immediate family, ever been a) the victim of a crime; b) a witness to a crime; or c) accused of a crime?

> *The defendant would propose that follow-up questions be put to any panelists who answered in the affirmative concerning their experiences of the criminal process, whether they felt the process was fair or unfair and, whether their experience affects their ability to be a juror in a criminal case at present.*

5.    The charges in this case involve evidence about drug possession and drug selling. Does the nature of this case make it difficult for you to presume the defendant to be innocent? Is there anything about the nature of the charges which would make it difficult for you to be fair and impartial during the course of the trial?

6.    The defendant in this case is young Latino man. Does the fact that he is Latino make you think it is more likely that he is guilty of the crimes he is charged with here today? United States v. Brown, 938 F.2d 1482, 1485 (1st Cir. 1991) (quoting Ristaino v. Ross, 424 U.S. 589, 597 n.9 (1976)).

7.    Under our system of law, a defendant in a criminal trial has a guaranteed right to be considered innocent until proven guilty.

        a. Do you feel that a person who is charged with a crime should be required to prove that he is innocent?

        b. If you were asked to make a decision now, would you find the defendant guilty or not guilty?

8.    Do you feel that a person who is on trial for a crime should take the stand and testify?

        a. Do you understand that Mr. Morales has the absolute right not to testify and not to present any evidence whatsoever?

        b. Would you assume that he is guilty if he does not testify or present any evidence?

9.    You will hear evidence that someone other than the defendant could have committed the crime charged. Do you believe that if the Government goes to the bother of bringing someone to trial that the person is probably guilty of something?

10.    If you came to the conclusion that the prosecution had not proven their case against the defendant, beyond a reasonable doubt, and you found that a majority of your fellow jurors believed that the defendant was guilty, would you be reluctant to express your conclusion to the other jurors? Would you change your verdict, just because your conclusion was in the minority?

                            ALEXIS MORALES
                            By His Attorney:

_____"/s/"_____Eduardo Masferrer_____
Eduardo Masferrer
B.B.O. #644623
Masferrer & Hurowitz, P.C.
6 Beacon Street, Suite 720
Boston, MA 02108
Tel:  617-531-0135

## CERTIFICATE OF SERVICE

I, Eduardo Masferrer, certify that a true copy of this document was served on Assistant U.S. Attorney David Hennessey by delivery on May 31, 2005.

_____"/s/"___Eduardo Masferrer_____
Eduardo Masferrer