THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>ALEXIS MORALES                          )<br>) | Criminal No. 04-40019-FDS |

# DEFENDANT'S TRIAL BRIEF

## EVIDENTARY AND OTHER TRIAL ISSUES

### 1. MOTION FOR A VIEW

The Defendant requests that this Honorable Court permit a view of the area where the arrest of Mr. Morales occurred, specifically the area of 29 Laurel Street. At the time of the view, the automobile in which the Defendant was a passenger will be made available at the scene. A view is necessary on two distinct grounds:

A. In order to judge the credibility of the officers, the jurors will need to make an independent determination regarding Officer Carmody's ability to view Mr. Aponte in the back seat.

B. The Defendant would request that the Court make a judicial finding regarding the ability of Officer Carmody to see Mr. Aponte in the rear seat of the car. Should the Court find that Officer Carmody could not see into the rear of the Mountaineer, the Defendant would request that the Court reopen the motion to suppress for the limited purpose of accepting such findings.

The decision to permit a view is entrusted to the sound discretion of the trial court. *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997); *United States v. Pettiford*, 962 F.2d 74, 76 (1st Cir. 1992).  The Court may allow a view if a sufficient description cannot be obtained from photos and testimony. *Crochiere*, 129 F.3d at 236. A view is necessary in this case as it appears to be the only means by which the jurors and the Court can accurately judge the lighting

1

conditions as they were on June 7 of last year. The factors that a Court considers in making its decision to allow a view are the effect on the orderliness of trial, whether the jury will be confused, the amount of time it will take, the logistics involved, and the opportunity for cross examination on the details of the view. *Crochiere*, 129 F.3d at 236. As the trial date is one day prior to the date of this incident, the lighting conditions should be close enough to the conditions as they existed at the time of the arrest so jury confusion will not be an issue. The Defendant is amenable to doing the view at a time convenient to the Court where the weather and lighting conditions are most similar to those on the day of the arrest. Furthermore, the Government suggested this scenario to the Court in its submission during the motion to suppress. Footnote 5 on pg. 15 of the Government's memorandum following an evidentiary hearing to determine defendant's motion to suppress evidence:

> "The Court invited the government to suggest an appropriate remedy for the flawed viewing. In our estimate, the only way to conduct a viewing is to do so at or around June 7, because lighting conditions, the position of the sun, weather, respective conditions are so critical."

As the time of trial is now set for this time period, it would not cause any delay in the trial to simply conduct a brief view so the orderliness of the trial will not be affected. Furthermore, the location is only 0.92 miles from the Courthouse so the view would not be logistically difficult and would take only a minimal amount of time.

## 2. TESTIMONY OF RAUL APONTE

The Defendant requests a ruling in anticipation of trial regarding the testimony of Raul Aponte. The Defendant intends to call Mr. Aponte as a witness in this matter. The Defendant does anticipate that Mr. Aponte may exercise his Fifth Amendment right to not answer questions regarding his involvement with the controlled substances located within Mr. Andrews'

2

automobile. Permitting a witness to testify and allowing him to assert his Fifth Amendment rights before the jury is a matter within the sound discretion of the Trial Court. See *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973). Most likely a brief voir dire of Mr. Aponte will be necessary outside the presence of the jury. Assuming that the Court finds that Mr. Aponte will be asserting the Fifth Amendment validly and comprehensively, the Defense will be requesting that Mr. Aponte be allowed to take the Fifth Amendment in front of the jury. In *United States v. Johnson*, the court held that the defendant does not have the right to benefit from a negative inference that the jury may draw from a witness taking the Fifth Amendment and left the determination solely to the discretion of the court. *Id.* However, in *United States. v. Berrio-Londono*, where the court allowed a prosecution witness to assert his Fifth Amendment right before the jury, the jury was instructed that they were allowed to draw adverse inferences from the witness' decision not to incriminate himself. 946 F.2d 158, 162 (1st Cir. 1991). As such it is within the discretion of the Court to allow a witness to comprehensively assert his Fifth Amendment right in front of the jury. Given the nature and facts of this particular case, the Defendant requests that any assertion of a valid Fifth Amendment privilege be done before the Jury.

### 3. IMPEACHMENT AND PRIOR BAD ACTS OF RAUL APONTE

The Defendant anticipates the introduction of various pieces of evidence: (a) to impeach Mr. Aponte, (b) statements against interest demonstrating his acknowledgement regarding possession of the drugs located in the automobile, (c) prior convictions evidence to impeach Mr. Aponte, (d) use of prior convictions and bad acts to demonstrate Mr. Aponte's possession of the controlled substance located in the car and (e) evidence to show Mr. Aponte encouraged Mr. Morales to accept responsibility for drugs that were not his.

While the exact nature of how these pieces of evidence will be introduced may depend on whether Mr. Aponte asserts his Fifth Amendment rights, the Defense will certainly be introducing testimonial and physical evidence in this regard, including but not limited to certified copies of Mr. Aponte's convictions for drug distribution, payments made by Mr. Aponte to Mr. Morales, as well as statements made by Mr. Aponte. These items are independently admissible under the Rules of Evidence and are not barred under Fed. R. Of Evidence 404(b) as Mr. Aponte is not the Defendant. *United States v. Gonzalez-Sanchez*, 825 F.2d 572, 583 (1987). These items should be admitted into evidence because they are relevant to the defense in this case that someone other than the accused committed the crime. See *Pettijohn v. Hall*, 599 F.2d 476, 481 (1st Cir. 1979). Exclusion of this relevant exculpatory evidence would violate the Mr. Morales 6th Amendment right to present a full defense. *Pettijohn*, 599 F.2d at 480.

    Respectfully Submitted
    ALEXIS MORALES
    By His Attorney

    __"/s/" Eduardo Masferrer_____
    Eduardo Masferrer
    BBO# 644623
    Masferrer & Hurowitz, P.C.
    6 Beacon Street, Suite 720
    Boston, MA 02108
    (617) 531-0135

4

**Certificate of Service**

I Eduardo Masferrer, do hereby certify that I have served upon the person listed below a copy of the foregoing documents in hand and by electronic mail, this the 31rd day of May 31, 2005.

AUSA David Hennessey,
Unites States District Court
Office of the U.S. Attorney
595 Main Street
Suite 206
Worcester, MA 01608

                 ____"/s/" Eduardo Masferrer___
                 Eduardo Masferrer