UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-40019-FDS |
| ) | |
| ALEXIS MORALES ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE AND FOR A *DAUBERT* VOIR DIRE OF OFFICER CARMODY**

The Defendant, through his attorney, Eduardo Masferrer, files this memorandum requesting that this Honorable Court permit the voir dire examination of Worcester Police Officer James Carmody who will be testifying as an expert, as to the basis of his opinions and his qualifications as an expert in the trafficking and usage of narcotics.

The Government did not provide notice of an expert witness, but it appears that they plan to call Officer Carmody as an expert in this case. The Government, through its motion in limine, attempts to avoid designating Carmody as an expert, but case law shows that whenever a police officer is called to testify in these situations he does so under the guise of an expert, and as such he must meet the requirements of *Daubert* and *Kumho*. See *United States v. Ladd*, 885 F.2d 954, 959-60 (1st Cir. 1989); *United States v. Hoffman*, 832 F.2d 1299, 1309 (1st Cir. 1987) (quoting Fed. R. Evid. 702 "[if] specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness *qualified as an expert* may testify thereto") (*emphasis added*).

The information provided in the Government's Motion in Limine is insufficient as a matter of law to establish Officer Carmody as an expert under *Daubert*. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Ladd*, 885 F.2d 959-60;

*Hoffman*, 832 F.2d 1309. The only evidence proffered is that he has been a police officer for ten years and that he has had "narcotics training." (Government's Motion in Limine at 7); *Compare Ladd*, 885 F.2d at 959-60 (police officer was amply credentialed to give testimony about quantity of drugs involved in personal usage because he was also a pharmacist); *Hoffman*, 832 F.2d at 1310 (DEA agent qualified because he spent the majority of his twelve years in law enforcement as a narcotics agent). The lack of any specific information about the extent and type of this training prevents Officer Carmody from being qualified as an expert witness without a hearing.

An individual with specialized knowledge is allowed to testify to this knowledge in federal court where it will aid the jury in the fact-finding process. (Fed. R. Evid. 702). Before the Court can consider whether the proffered testimony is admissible for this purpose, it must first find that the individual is an expert in this area. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Whether an individual meets the requirements of an expert witness is left to the Court's discretion. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999); *United States v. Lopez-Lopez*, 282 F.3d 1, 14 (1st Cir. 2002). In performing this gate-keeping function, the Court has the duty to ensure that the expert testimony presented to the jury is both relevant and based on a reliable foundation. *Daubert* at 597. Without further inquiry into Officer Carmody's training with respect to narcotics, the Court will not be able to determine whether the methodology underlying his opinion on narcotics trafficking and usage is reliable. *See Kumho Tire Co.*, 526 U.S. at 150; *Ladd*, 885 F.2d at 959-60.

Based on the limited information provided in the Government's Motion in Limine, the Court must conduct a brief voir dire of Officer Carmody prior to permitting him to offer his opinion.

ALEXIS MORALES
By His Attorney:

_____"/s/"__Eduardo Masferrer____
Eduardo Masferrer
B.B.O. #644623
Masferrer & Hurowitz, P.C.
6 Beacon Street, Suite 720
Boston, MA 02108

Tel: 617-531-0135

CERTIFICATE OF SERVICE

I, Eduardo Masferrer, certify that a true copy of this document was served on Assistant U.S. Attorney David Hennessey by delivery on June 2, 2005.

_____"/s/"_____
Eduardo Masferrer