UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-40019-FDS |
| v. ) | |
| ) | |
| ALEXIS MORALES, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S OBJECTION TO ADMISSION OF WRITING

The United States of America, through the undersigned attorneys files this opposition to Defendant's intention to offer in evidence a thank you note, allegedly written by Raul Aponte, for the truth of the matter asserted in the note. The note is hearsay, and does not fall within in apparent exception to the hearsay rule. The government seeks a ruling before opening statements or an agreement from the defense that it is not going to refer to the note in its opening.

### Argument

Attached hereto is a photocopy of the note, which was produced to the government on Friday morning at the start of the pretrial hearing. The note purports to be from Raul Aponte, identified in the note as "Squiz," and presumably is offered for the truth of the matters asserted in it; in summary that the writer is grateful and indebted to defendant for something defendant did. The government expects that the defense will argue that this note tends to prove that Defendant falsely confessed to committing the crime charged in this case to conceal Aponte's culpability.

The letter is clearly in admissible hearsay. Defendant may argue that the note is a statement against penal interest (assuming Aponte's invocation of the privilege against self-incrimination which would render him unavailable). Such an argument is in error. Fed. R. Evid. 804(b)(3) recognizes the following exception, in relevant part:

> A statement which at the time of its making . . . so far tended to subject the declarant to . . . criminal liability, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

The determination whether a statement is against the declarant's penal interest depends on the outcome of a fact-intensive inquiry into the surrounding circumstances. United States v. Bradshaw, 281 F.3d 278. 286(1st Cir. 2002)(citing cases). Here, the content of the note, and the surrounding circumstances are so ambiguous that the declaration cannot be found to be against Aponte's penal interest. Among other things, the original envelope indicates that the letter was post-marked April 14, 2005, more than 10 months after the date of the offense charged here; there is nothing to link it to the June 7, 2004 drug offense. Moreover, the content is not inculpatory.

In Bradshaw, the Court of Appeals upheld the denial of the admission of two statements on this theory, yet in that case the

2

facts were far more compelling than they are here. Bradshaw offered two statements to the effect that an accomplice in a robbery had stated that he and another accomplice planned to rob their accomplices of the loot taken in a mail robbery. Bradshaw, 281 F.3d at 285-86. The Court of Appeal upheld the determination that the statements were made not against penal interest, but in an attempt to avoid criminal responsibility for the charges actually brought. Id.

Moreover, the statement cannot be admitted to exculpate the accused unless "corroborating circumstances clearly indicate" its trustworthiness. See Fed. R. Evid. 804(b)(3). We are aware of no corroborating circumstances that meet this standard.

Accordingly, the government seeks a ruling now precluding admission of this document for the truth of the matter asserted, or directing that the defense make no reference to it, until evidence provides the Court with a more complete record in which to evaluate the statements admissibility.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:    /s/ David Hennessy
       David Hennessy
       Paul G. Casey
       Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record, Eduardo Masferrer, Esq., a copy of the foregoing document by hand.

This 6th day of June, 2005.

David Hennessy
Assistant U.S. Attorney





Just wanted to say thank you for everything and i cant blame you for being upset i honestly cant repay you for what you've done but i want you to know thats its appreciated and here for you like your doing for me, your family to me. And i just wish that there were words to express how i feel I love you NIGGA thats my word

P.S love your NIGGA SQUIZ

SO MUCH!