UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-40019-FDS |
| v. ) | |
| ) | |
| ALEXIS MORALES, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE**

The United States of America, through the undersigned attorneys, files this response to Defendant's motion to reconsider the denial by the court of "reverse 404(b) evidence, namely the criminal record of Raul Aponte. The motion should be denied.

**Argument**

Defendant asks the Court to reconsider his motion to offer evidence of Aponte's prior conviction and prior bad acts. Defendant basis his motion on the theory that such evidence will prove Aponte's motive to make such statements, and corroborate Andrews' testimony the such statements were made. We object on two grounds.

First, the motion is untimely and places the government at a disadvantage. The motion was filed on the morning of jury selection. Defendant has shown no good reason for failing to comply with the Court's deadlines for motions *in limine* or with the Local Rules which prohibit the filing of additional papers without leave of the Court. See L.R. 7.2(B)(3). Moreover, the motion was denied. We respectfully submit that defendant has had a full

opportunity to argue his position, and motions to reconsider unfairly divert the resources of the government from the trial of the issues.

Second, the renewed motion assumes that Andrews will be permitted to testify that Aponte said, in substance, 'I have cases.' Such a statement is hearsay; indeed defendant's offer of proof is for the very purpose of establishing the truth of the statement. If the prior record is offered to bolster an inadmissible hearsay statement, then it too is inadmissible. Even if the statement "I've got cases" is offered for a non-hearsay purpose (i.e. the effect on the listener) the prior record of the declarant is not admissible to help establish the effect on the listener. There is no evidence proffered to show what Morales knew about Aponte's criminal record. Aponte has a variety of cases, pending and prior. There is no evidence that Morales knew what type of cases or to which cases Aponte was referring. The defense simply wants to admit the prior drug convictions to "backdoor" a propensity argument which this Court previously and properly denied. It would not be admissible under 403. Defendant's suggestion that this conviction might be the motive for Aponte to make the statement is simply too speculative as to what exactly Aponte may have been referring to, assuming he even made the statement and that his motive would be relevant. The defendant's motive or acting the way he did might be relevant, but the absent

third party Aponte's motive is not relevant to why the defendant may have acted the way he did. Furthermore, it would place the government in an unfair position, since the government is not in a position to cross-examine Aponte regarding possible motives or to refute the inflammatory suggestion.[1]

Third, even if there were a legitimate basis to admit an absent third party's prior conviction under Rule 404(b), should be kept out under a Rule 403 analysis. First, the jury will hear that Aponte had "cases." Carmody is expected to testify that he saw Aponte, for whom there was an open arrest warrant, and directed his fellow officer to turn around the police cruiser so that Aponte could be arrested on the warrant. As such, the evidence is of marginal probative value.

At the same time, the evidence is extremely prejudicial. If admitted, the jury would hear that Aponte had prior convictions; but, as the case stands now, it would not hear that Morales has prior convictions, including drug convictions. The absence of evidence of Morales' criminal record is likely to suggest to the

---

[1] Defendant cites United States v. Gonzalez, 825 F.2d 572, 583 (1st Cir. 1987) as "allowing testimony about crimes of third parties for foundational purposes." See Def. Motion, p.2, ¶1. Defendant misrepresents the holding. In that fact-specific case, the Court permitted 404(b) testimony about the attorney-defendant's similar advice to other gang members to burn down property to avoid bankruptcy, that the attorney-defendant's filing of false invoices and the attorney-defendant's advice to gang members regarding van thefts to show the attorney-defendant's knowledge, motive and intent.

3

jury that only Aponte had prior narcotics convictions, and hence that only Aponte is responsible for the crack cocaine that was found.  Such evidence, as the Court of Appeals for the Sixth Circuit recognized in a case on point, would seriously compromise the possibility of a fair verdict.  "[E]vidence of [the witness's] prior conviction would have been prejudicial to fair consideration in that it would have made it easier for the jury to lay the blame on [the witness] for the drug deal, despite evidence presented at trial."  United States v. Lucas, 357 F.3d 599, 606 (6th Cir. 2004); see also United States v. Della Rose, 403 F.3d 891, 901 (7th Cir. 2005)(trial court is entitled to exclude "reverse 404(b) evidence" if balancing of probative value against prejudice, confusion of issues and waste of time indicates it is not beneficial); United States v. Bowman, 215 F.3d 951, 962 (9th Cir. 2000)(other crimes evidence of third party culpability may be excluded if insufficiently probative in light of its prejudice under Rule 403).[2]

This case too presents the same danger that the jury might not give fair consideration to all the evidence, but rather acquit defendant on the basis of evidence of Aponte's prior conviction and

---

[2]Defendant also claims that exclusion of this evidence will interfere with his right to prosecute his defense.  However, as the Sixth Circuit noted in Lucas, "a complete defense does not imply a right to offer evidence that is otherwise inadmissible under the 'standard rules of evidence."  357 F.3d at 606 (citations omitted).

4

bad acts, and the absence of such evidence of Defendant's criminal history. In the end, admission of "reverse 404(b) evidence" will seriously jeopardize the ability of the jury to give fair consideration to all the evidence.

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court preclude the testimony described above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Paul G. Casey
David Hennessy
Paul G. Casey
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record, Eduardo Masferrer, Esq., a copy of the foregoing document by hand.

This 7th day of June, 2005.

/s/ Paul G. Casey, for
David Hennessy
Assistant U.S. Attorney