UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 04-40019-FDS |
| v. | ) | |
| | ) | |
| ALEXIS MORALES, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO RECONSIDER

The United States of America, through the undersigned attorneys, moves for reconsideration of its denial of the government's request to submit the lesser included offense of possession with intent to distribute cocaine base. Attached hereto is a proposed verdict sheet.

### Argument

Rule 31(c) permits the jury to find a defendant guilty of an offense necessarily included in the offense charged. "One offense is necessarily included in another if it is impossible to commit the greater without also having committed the lesser." 3 Wright, Federal Practice and Procedure: Criminal 3rd, §515, p.35 (2004). As the Court noted in Schmuck v. United States, 489 U.S. 705, 719 (1989), "[t]o be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." quoting Giles v. United States, 144 F.2d 860, 861 (9th Cir. 1944); see also Carter v. United States, 530 U.S. 255, 260-64 (2000) ("one offense is not necessarily included in another unless the elements of the

lesser offense are a subset of the elements of the charged offense.")(internal quotations and citations omitted); <u>United States v. Smith</u>, 34 F.3d 514, 517-18 (7th Cir. 1994)(possession of cocaine base is lesser included of possession with intent to distribute cocaine base).

In this case, the Court has charged the jury, consistent with the Court's view of the law, that cocaine base is broader that crack cocaine, and that crack cocaine is a form of cocaine base. Hence, it follows that a defendant cannot commit the offense charged in the indictment in this case, possession with intent to distribute cocaine base also known as crack, without committing the lesser offense of possession with intent to distribute cocaine base. Moreover, the latter offense is the conduct criminalized under the statute defendant is charged with violating, 21 U.S.C. § 841. Accordingly, the government renews its motion that the Court submit to the jury the lesser included offense.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

David Hennessy
Paul G. Casey
Assistant U.S. Attorneys

2

CERTIFICATE OF SERVICE

     This is to certify that I have this day served upon counsel of record, Eduardo Masferrer, Esq., a copy of the foregoing document by hand.

     This 10th day of June, 2005.

                  David Hennessy
                  Assistant U.S. Attorney

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )     04 CR 40019-FDS
                                  )
ALEXIS MORALES,                   )
                                  )
            Defendant.            )

### VERDICT FORM

WE, THE JURY, FIND THE DEFENDANT:

**As to COUNT ONE** (possession with intent to distribute a quantity of
cocaine base in the form of crack cocaine)

_____ Guilty          _____ Not Guilty


If your vote is Guilty, you should answer the following question.
If your vote was Not Guilty, do not answer.

1.   Was the amount of cocaine base in the form of crack cocaine
involved in the offense more than 20 grams?


_____ Yes          _____ No



**As to COUNT ONE** (possession with intent to distribute a quantity of
cocaine base, a lesser included offense of Count One)

_____ Guilty          _____ Not Guilty



**Your deliberations are complete.  Please notify the Marshal in
writing.**


FOREPERSON: _____     DATE: _____