

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 12, 2005

**BY U.S. MAIL**
Eduardo A. Masferrer, Esq.
6 Beacon Street
Suite 720
Boston, MA 02108

    Re:  United States v. Alexis Morales
          Criminal No. 04-40019-FDS

Dear Mr. Masferrer:

    There were questions at sentencing about the terms of Morales' oral plea agreement with the government, including the right of the government to oppose the 500-hour residential drug treatment program and the scope of the waiver of the right to appeal. We have obtained the transcript of the Rule 11 hearing. For your file, enclosed is a copy of that portion of the transcript reciting the plea agreement.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney
            By:
                            David Hennessy
                            Assistant U.S. Attorney

Enclosure

cc:  Martin Castles (w/encl.)
     Clerk to the Honorable F. Dennis Saylor, IV

Page 8

1   you at this point then, Mr. Hennessy,
2   state the full terms of the plea agreement
3   for the record.
4           MR. HENNESSY:  The defendant has
5   agreed to plea to the one count in the
6   indictment, the possession of cocaine
7   base, also known as crack with the intent
8   to distribute.  The understanding that
9   this offense involves 20 grams or more of
10  crack cocaine.  The penalties in this
11  case --
12          Shall I state them now?
13          THE COURT:  I'm going to ask you
14  later for the penalties.
15          MR. HENNESSY:  As far as the
16  sentencing guideline, the party agree that
17  the defendant is accountable for more than
18  20 grams and less than 35 grams of cocaine
19  base.
20          The parties also agree by virtue
21  of the plea that the defendant has entered
22  into this afternoon, that he's entitled to
23  a three-level adjustment for acceptance
24  and responsibility.

1    Your Honor, this plea is being
2    offered pursuant to Federal Rule of
3    Criminal Procedure 11C(1)C.  And the
4    parties are proposing the following at the
5    opposition subject to the Court's approval
6    the terms of imprisonment of five years, a
7    supervised release term of four years, and
8    $100 special assessment.
9    The defendant, Your Honor, is
10   waiving his right to appeal or to
11   collaterally challenge, his guilty plea,
12   and that includes any of the Court's
13   pretrial rulings on the motions that have
14   been made, and any other rulings that have
15   been made prior to the defendant's entry
16   of the plea in this case.
17   I'm not sure it's entirely
18   necessary, but the defendant is waiving
19   any claims he may have under the haldeman
20   for attorney's fees.  We're advising the
21   defendant that the -- at least as far as
22   calculating the guideline range, neither
23   the Court nor the probation department is
24   bound by the guideline range as it has

1  been calculated.

2       But, of course, this plea is being

3  offered pursuant to the 11C(1)C in that

4  the parties agree that the 60 months is an

5  appropriate disposition or reject the

6  plea.  There is no issue of forfeiture.

7  The agreement does not constitute a waiver

8  of any civil liability that the defendant

9  may have.

10      If the defendant shall move to

11 with draw his guilty plea or if it's not

12 accepted, the agreement that I'm stating

13 is null and void at the option of the

14 United States Attorney.  And this

15 agreement is limited to the United States

16 Attorney, District of Massachusetts.  It

17 doesn't bind another prosecutor's offices.

18      And, finally, the provisions that

19 I've just outlined is for the entire

20 agreement between the parties.

21      THE COURT:  Mr. Morales, have you

22 had a chance to discuss the terms of the

23 plea agreement with Mr. Masferrer?

24      MR. MASFERRER:  Excuse me, Your

1    Honor. One additional thing. There are
2    going to be two recommendations the
3    defence will make in terms of sentencing,
4    in terms of location of sentencing and in
5    terms of programs.
6        The defendant will ask the Court
7    to recommend to the Bureau of Prisons for
8    Mr. Morales. The defendant will probably
9    be asking the Court to attend the 500-hour
10   drug treatment program. I was trying to
11   review the shock incarceration program to
12   see if Mr. Morales qualified for that.
13       But just in terms of what he said,
14   that's the complete plea agreement. I had
15   mentioned to the government that I will be
16   asking the Court to propose those.
17       THE COURT: Is that a joint
18   recommendation.
19       MR. HENNESSY: That's going to be
20   the defendant's recommendation. That is
21   part of the agreement. And, Your Honor, I
22   should mention that the parties agreed
23   that there is no ground for an impartial
24   motion in this case.

1   THE COURT: All right.
2   Mr. Morales, have you had an opportunity
3   to discuss the plea agreement with
4   Mr. Masferrer?
5   A. Yes.
6   THE COURT: Does that plea
7   agreement represent in it's entirety any
8   understanding that you have?
9   A. No.
10  THE COURT: Do you think that
11  there was some other agreement?
12  A. Oh, I'm sorry. Yes, yes.
13  THE COURT: So there is no other
14  agreement out there other than this plea
15  agreement, right?
16  A. Right.
17  THE COURT: You don't have any
18  side agreements or promises of any kind.
19  A. No.
20  THE COURT: Did you understand the
21  terms of the plea agreement?
22  A. Yes, I do.
23  THE COURT: Have you had a chance
24  to have any questions that you may have

1  about the plea agreement answered by
2  Mr. Masferrer?
3  A. Have I told him, yes.
4          THE COURT: Has anyone made any
5  other or different promises or assurances
6  of any kind to you in an effort induce you
7  to plead guilty in this case.
8  A. No.
9          THE COURT: Do you understand
10 that -- well, let me see if I can cut to
11 the chase.
12         As I understand in Rule 11, I am
13 empowered to sell the terms of plea
14 agreement now. Is that correct,
15 Mr. Hennessy?
16         MR. HENNESSY: Yes, Your Honor.
17         THE COURT: All right. Let me
18 state then for the record, I'm not going
19 to defer acceptance of the plea agreement
20 until the time of a presentence report or
21 the time of sentencing.
22         In the meaning of the Rule 11, I'm
23 going to accept the terms of the plea
24 agreement as represented by the Government